## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL MONROE JAMES, III<br>8200 Henry Avenue, Apt J29<br>Philadelphia, PA 19128 | : : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA<br>c/o UNITED STATES DEPARTMENT OF<br>VETERANS AFFAIRS<br>3900 Woodland Avenue<br>Philadelphia, PA 19104 | : : : : : : | **COMPLAINT AND JURY DEMAND** |
| and | : : | |
| SIEMENS MEDICAL<br>SOLUTIONS USA, INC.<br>Molecular Imaging<br>2501 N. Barrington Road<br>Hoffman Estates, IL 60192-2061 | : : : : : : | |
| and | : : | |
| SIEMENS MEDICAL<br>SOLUTIONS USA, INC.<br>40 Liberty Boulevard<br>Malvern, PA 19355 | : : : : : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

### THE PARTIES

1. Plaintiff, Paul Monroe James, III, is an adult individual, citizen and resident of the Commonwealth of Pennsylvania, residing at 8200 Henry Avenue, Apt J29, Philadelphia, Pennsylvania.

2. The U.S. Department of Veteran Affairs was established as an independent agency of the Defendant, United States of America.

3. The U.S. Department of Veteran Affairs, through its Veterans Health Administration, operates medical facilities throughout the United States, including the Philadelphia VA Medical Center where the alleged incident took place.

4. The Defendant, United States, by and through its agency, the U.S. Department of Veteran Affairs, hired, retained, contracted with, supervised, controlled and is responsible for physicians, nurses, attendants, technicians, nurses, and other health care providers including the physicians, nurses, attendants, technicians, nurses, and other health care providers involved in the care and treatment of Plaintiff at the Philadelphia VA Medical Center.

5. Defendant, Siemens Medical Solutions USA, Inc. Molecular Imaging (hereinafter referred to as Siemens) is a corporation, or other duly authorized legal entity, organized and existing under the laws of the Commonwealth of Pennsylvania, engaged in the business of manufacturing medical equipment including medical imaging equipment, with a principal place of business located at 2501 N. Barrington Road Hoffman Estates, Illinois 60192-2061.

6. Defendant, Siemens Medical Solutions USA, Inc. (hereinafter referred to as Siemens) is a corporation, or other duly authorized legal entity, organized and existing under the laws of the Commonwealth of Pennsylvania, engaged in the business of manufacturing medical equipment including medical imaging equipment, with a principal place of business located at 40 Liberty Boulevard in Malvern, Pennsylvania.

## JURISDICTION AND VENUE

7. This Court has jurisdiction as to the claims herein are brought against the Defendant, United States, pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 et seq. and

28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

8. Venue is proper within this district under 28 U.S.C. §1402(b) as the acts complained of occurred in the Eastern District of Pennsylvania.

## NOTICE

9. Plaintiff hereby incorporates by reference the averments of paragraphs 1 through 8, inclusive, of this Complaint as though the same were fully set forth herein at length.

10. On or about November 16, 2018, Plaintiff timely filed an executed Standard Form 95 with the Department of Veterans Affairs, Office of Regional Counsel, thereby timely making an administrative claim for damages and injuries consistent with the Federal Tort Claims Act, et seq. A true and correct copy of the transmittal letter and form is attached hereto as Exhibit "A".

11. Defendant, United States, received the executed Standard Form 95, on November 19, 2018. A true and correct copy of the transmittal letter is attached hereto as Exhibit "B".

12. More than six months have passed since Defendant received the executed Standard Form 95 and no decision has been rendered by the Defendant, United States; accordingly, Plaintiff files this Complaint.

13. Plaintiff therefore asserts this Complaint is timely, pursuant to 28 U.S.C. §2401.

14. Plaintiff has therefore exhausted all necessary administrative remedies prior to bringing this action, thus vesting jurisdiction in this Court.

## FACTS

15. Plaintiff hereby incorporates by reference the averments of paragraphs 1 through 14, inclusive, of this Complaint as though the same were fully set forth herein at length.

16. On November 28, 2017, Plaintiff presented to the VA Hospital in Philadelphia, Pennsylvania for the purpose of obtaining a stress test.

17. Upon completion of the stress test, Plaintiff was placed by an employee, agent, servant, workman, technician, attendant who was in the course and scope of their employment with the Defendant, United States, in a Siemens Symbia Evo machine for the purpose of taking an imaging study.

18. Plaintiff is 6"4 and wears a size 13 shoe.

19. As a result of his height and size, Plaintiff's feet hung over the machine.

20. Defendant, United States', employee, agent, servant, workman, technician, attendant turned the machine on whereupon the machine started to move and crush the Plaintiff's feet.

**WHEREFORE**, Plaintiff, Paul Monroe James, III, demands judgment in his favor and against Defendant, United States of America, jointly, severally and/or individually, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

### COUNT I

21. Plaintiff hereby incorporates by reference the averments of paragraphs 1 through 20, inclusive, of this Complaint as though the same were fully set forth herein at length.

22. Defendant, United States, holds itself out and/or otherwise represent to the general public that they and their respective agents, servants, workmen and/or employees are competent to provide proper, adequate and/or appropriate medical care.

23. At all times relevant hereto, Defendant jointly, severally and/or individually knew or should have known that Plaintiff did not fit in the machine due to his size.

24. During the course of Plaintiff's procedure Defendant, United States, by and through its respective agents, servants, workmen, and/or employees including but not limited to technicians, nursing staff, intake personnel, attendants, orderlies, evaluated the Plaintiff.

25. At all times relevant hereto Defendant knew and/or should have known that Plaintiff, was too large for the Siemens Symbia Evo machine and required use of precautions and/or alternate means of obtaining imaging studies of the Plaintiff.

26. As a result of the aforesaid incident, Plaintiff, was caused to sustain serious bodily injuries to his bones, joints, muscles, tendons, ligaments, blood vessels, soft tissues, nerves and nervous systems, and all of which are or may be permanent in nature including but not limited to a crush injury to both feet.

27. As a further result of the aforesaid incident, Plaintiff, has and may continue to suffer from great physical pain and suffering, mental pain and suffering, emotional upset and other non-economic losses.

28. As a further result of the aforesaid incident, Plaintiff has and may continue to suffer from fear, frustration and anxiety.

29. As a further result of the aforesaid incident, Plaintiff was required to seek out and obtain medical attention and care to treat, evaluate, diagnose and otherwise cure for his injuries and in connection therewith has incurred bills or has otherwise become obligated to pay for such medical attention and care for which he is entitled to recover from Defendants, and in the future may be required to seek out and obtain additional medical attention and care for the same purposes and incur additional bills for which he will be entitled to recover from Defendants.

30. The aforesaid incident and the injuries and damages sustained by Plaintiff, were the direct and proximate result of the Defendant, United States, and were due in no part to any act or failure to act on the part of Plaintiff.

31. The negligence and carelessness of the Defendant, United States, consisted, inter alia, of the following:

    a. Failing to properly position, place and secure Plaintiff, in the Siemens Symbia Evo machine;

    b. Failing to properly secure Plaintiff's feet in the Siemens Symbia Evo machine;

    c. Failing to utilize proper and appropriate equipment, devices, techniques and/or type of personnel or number of personnel to perform the imaging test on Plaintiff safely;

    d. Disregarding the rights and safety of Plaintiff;

    e. Failing to follow proper and appropriate methods, policies and/or procedures for the safe imaging, manipulation and maneuvering of patients such as Plaintiff;

    f. Failing to properly train, instruct, monitor, supervise or oversee persons involved in the proper and appropriate methods, policies and/or procedures for the use of the Siemens Symbia Evo machine for patients such as Plaintiff;

    g. Failing to establish or promulgate policies and/or procedures for the safe use of the Siemens Symbia Evo machine for patients such as Plaintiff;

    h. Improperly operating the Siemens Symbia Evo machine; and

    i. Failing to promptly and/or properly respond or care for Plaintiff after Plaintiff had injured.

32. The negligence and carelessness of the United States and its employees and agents was a substantial factor in bringing about Plaintiff's injuries and losses and a factual cause of Plaintiff's injuries and losses.

**WHEREFORE**, Plaintiff, Paul Monroe James, III, demands judgment in his favor and against Defendant, United States of America, jointly, severally and/or individually, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

### COUNT II
### NEGLIGENCE – VICARIOUS LIABILITY
### PAUL MONROE JAMES, III v. UNITED STATES OF AMERICA

33. Plaintiff hereby incorporates by reference the averments of paragraphs 1 through 32, inclusive, of this Complaint as though the same were fully set forth herein at length.

34. At the time of the aforesaid incident and at all other times material hereto, Defendant, jointly, severally and/or individually acted or failed to act by and through its agents (actual and/or ostensible), servants, workmen and/or, as well as its nurses, attendants, orderlies and staff, all of whom acted or failed to act within the course and scope of the agency/employment for Defendant, United States of America, Department of Veterans Affairs.

35. Consequently, Defendant, United States, is vicariously liable to Plaintiff for the negligence and carelessness of its agents, servants, workmen and/or employees, and/or its nurses, attendants, technicians, orderlies and staff.

**WHEREFORE**, Plaintiff, Paul Monroe James, III, demands judgment in his favor and against Defendant, United States of America, jointly, severally and/or individually, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

### COUNT III
### CORPORATE (DIRECT) NEGLIGENCE
### PAUL MONROE JAMES, III v. UNITED STATES OF AMERICA

36. Plaintiff hereby incorporates by reference the averments of paragraphs 1 through 35, inclusive, of this Complaint as though the same were fully set forth herein at length.

37. In addition to the vicarious liability of defendants, United States is also directly liable to Plaintiff on account of their own negligence and carelessness which jointly, severally and/or individually consisted, inter alia, of the following:

   a. failing to adopt and/or enforce proper and appropriate rules, guidelines, procedures, policies and/or protocols regarding the safe use of the Siemens Symbia Evo machine for patients such as Plaintiff;

   b. failing to properly and adequately assess appropriate turning options and alternatives specifically relative to Plaintiff's physical demands and specifications;

   c. failing to select, engage, employ and/or otherwise retain only competent orderlies, nursing personnel and other staff;

   d. failing to properly train, instruct, monitor, supervise or oversee its employees to ensure the safe use of the Siemens Symbia Evo machine for patients such as Plaintiff;

   e. failing to properly train or instruct its agents or employees in the proper and appropriate rules, guidelines, procedures, policies and/or protocols regarding the safe use of the Siemens Symbia Evo machine for patients such as Plaintiff;

   d. failing to provide the proper and appropriate equipment for the safe imaging of patients such as Plaintiff;

   e. failing to properly train its agents or employees in the proper and appropriate methods for caring for persons such as Plaintiff.

**WHEREFORE**, Plaintiff, Paul Monroe James, III, demands judgment in his favor and against Defendant, United States of America, jointly, severally and/or individually, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs

### COUNT IV
### STRICT PRODUCT LIABILITY
### PAUL MONROE JAMES, III v. SIEMENS MEDICAL SOLUTIONS USA, INC., MOLECULAR IMAGING and SIEMENS MEDICAL SOLUTIONS USA, INC.

38. Plaintiff hereby incorporates by reference the averments of paragraphs 1 through 37, inclusive, of this Complaint as though the same were fully set forth herein at length.

39. Based upon information and belief, Defendant, Siemens, jointly, severally and/or individually, designed, fabricated, modified, assembled, tested and otherwise placed into the stream of commerce the afore-described Siemens Symbia Evo machine.

40. Based upon information and belief, the Siemens Defendants, jointly, severally and/or individually, marketed, advertised, sold, packaged, distributed and otherwise placed into the stream of commerce the Siemens Symbia Evo machine described hereinabove.

41. Solely as a result of the defective and unreasonably dangerous design and manufacture of the Siemens Symbia Evo machine and its Component parts, the Plaintiff has sustained and will sustain the injuries and damages set forth herein, and is therefore entitled to damages under the Restatement (Second) of Torts, section 402 A and 402 B.

42. Defendant, Siemens', Symbia Evo machine and component parts contained design defects at the time it left said Defendants' control, which defects rendered said Unit in an unreasonably dangerous, defective and unsafe condition at the time when it was used on the Plaintiff.

43. Defendant, Siemens', Symbia Evo machine and component parts were sold and/or distributed by Defendants, which condition created a danger to intended patients.

44. The warming cabinet and component parts were designed, remodeled, manufactured and sold in a defective and dangerous manner in that it:

    a. Failed to have a guard, sensor or kill switch;

    b. Failed to contain a safety mechanism or sensor to warn when the risk of a crush injury would occur during use;

    c. Failed to contain instructions so that it could be used safely in a reasonably foreseeable manner;

    d. Failed to contain conspicuous and adequate warnings;

      e.    Failed to contain safety features in that it could not be used in a safe and reasonably foreseeable manner;

      g.    Failing to comply with various codes standards, regulations, statutes and industry norms; and

      h.    Failed to contain appropriate size and height requirements.

45.    The defective condition of the Siemens Symbia Evo machine and its component parts were the proximate cause of Plaintiff, Paul Monroe James, III's injuries and losses.

46.    The defective condition of the Siemens Symbia Evo machine was a substantial factor in causing Plaintiff's injuries and losses.

47.    As a result of the tortuous activity herein-above described the Siemens Defendants are strictly liable to Plaintiff for his injuries.

**WHEREFORE,** Plaintiff, Paul Monroe James, M.D., respectfully prays this Honorable Court to enter judgment in his favor, against Defendants, Siemens Medical Solutions USA, Inc. Molecular Imaging and/or Siemens Medical Solutions USA, Inc., jointly, severally and/or singularly in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs of suit of any other relief this Court deems just and proper.

## COUNT V
## BREACH OF WARRANTY
## PAUL MONROE JAMES, III V. SIEMENS MEDICAL SOLUTIONS USA, INC. MOLECULAR IMAGING and SIEMENS MEDICAL SOLUTIONS USA, INC.

48.    Plaintiff hereby incorporates by reference the averments of paragraphs 1 through 47, inclusive, of this Complaint as though the same were fully set forth herein at length.

49.    The Siemens Defendants, respectively, jointly, severally and/or individually breached the implied warranty of merchantability and fitness for a particular purpose.

50.    The Siemens Defendants, respectively, jointly, severally and/or individually, breached the implied warranty of safety for intended use.

**WHEREFORE,** Plaintiff, Paul Monroe James, M.D., respectfully prays this Honorable Court to enter judgment in his favor, against Defendants, Siemens Medical Solutions USA, Inc. Molecular Imaging and/or Siemens Medical Solutions USA, Inc., jointly, severally and/or singularly in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs of suit of any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff herein demands a jury trial.

**TABAKINWOLFE, LLP**

By: _____
RICHARD A. WOLFE, ESQUIRE
PA I.D. 78944
1000 Germantown Pike, B-3
Plymouth Meeting, PA 19462
(215) 525-1616
rich@twlegal.net
Attorney for Plaintiff,
Paul Monroe James, III

Dated: October 2, 2019